# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WILLIAM ABNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:10-cv-00334-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM  (ECF No. 1)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ORDER DIRECTING SERVICE OF SUMMONS AND COMPLAINT (ECF No. 9)<br><br>THIRTY-DAY DEADLINE |

## I.

## SCREENING REQUIREMENT

Plaintiff Thomas William Abney is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed February 25, 2010, and a motion for an order directing service of the summons and complaint filed August 30, 2012.  (ECF Nos. 1, 9.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678-79, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at Chuckawalla Valley State Prison. The incidents contained in the complaint occurred while Plaintiff was housed at California State Prison, Corcoran. Plaintiff brings this action against Secretary of the CDCR Matthew Cate, Associate Director of California Prison Health Care Services T. Kimura-Yip, Warden Derral Adams, Chief Medical Officer W. McGuiness, Chief Dentist Warren H. Liu, Dentist Charles Hwang, and unnamed defendants alleging violations of due process under the Fifth and Fourteenth Amendments and cruel and unusual punishment in violation of the Eighth Amendment and violations of the California Constitution due

to inadequate dental care.

Plaintiff submitted a request to prison officials on May 8, 2008, requesting replacement of a dental device, a bridge consisting of six teeth. (Compl. 5-6, ECF No. 1.) On May 13, 2008, Plaintiff was seen by an unnamed Defendant ("Doe 1") who advised Plaintiff that nothing could be done for him as dental staff did not perform bridge work and Plaintiff's commitment to CDCR made such work unsuitable. The incisors of the bridge have broke off causing Plaintiff difficulty in eating and speaking. (Id. at 6.) On May 19, 2008 Plaintiff submitted an inmate appeal which was partially granted with the notation that bridge work is not an authorized service. (Id. at 7.)

Plaintiff was seen by Defendant Hwang on July 29, 2008, in response to the grievance. Plaintiff was advised that the recommended treatment was to cut off the metal mounting band and provide Plaintiff with a removable prosthetic device consisting of the two missing teeth. This could result in the damage to one or more of the anchoring crowns. Defendants Hwang, Liu, and an unidentified defendant ("Doe 2") denied the appeal on August 1, 2008. (Id.) On August 21-22, 2008, Defendants Adams, Lui and McGuiness denied Plaintiff's appeal based on the prison policy. (Id. at 7-8.) Plaintiff's appeal was denied at the third level by Defendant Kimura Yip on September 29, 2009. (Id. at 8.) Plaintiff seeks monetary damages, declaratory and injunctive relief. (Id. at 10.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### III.

### DISCUSSION

#### A.   Deliberate Indifference

Plaintiff alleges that the defendants refusal to provide treatment for his dental needs is deliberate indifference in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble,

429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

"Dental care is one of the most important medical needs of inmates," and prisoners are required to "be provided with a system of ready access to adequate dental care." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (citations omitted). However, "a correctional facility is not a health spa, but a prison in which convicted felons are incarcerated. . . . . We are governed by the principle that the objective is . . . to provide the minimal level of dental care required by the Constitution. The essential test is one of medical necessity and not simply desirability." Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986) (internal punctuation and citations omitted).

In this instance, Plaintiff alleges that he is missing two teeth from his bridge which has caused difficulty eating and speaking. This is insufficient to show that Plaintiff was at a serious risk of harm from the missing teeth. Jenkins v. Clark, No. 3:94-cv-03961 FMS, 1995 WL 463673, at *4 (N.D.Cal. July 31, 1995) (finding no serious dental need where plaintiff had approximately five missing teeth, and chewing was painful due to cavities and bleeding gums).[1]

---

[1] Cf. Hunt, 865 F.2d at 199 (inmate had pain, bleeding infected gums, teeth were breaking off, and inability to eat properly causing weight loss); Evins v. Curry, No. 4:08-cv-02537 CW (PR), 2010 WL 476678, at *6 (N.D.Cal. Feb. 3, 2010) (serious dental need where inmate was in constant pain, lost all his teeth, and suffered adverse effects to his heart); Silverbrand v. Woodford, No. 2:06-cv-03253-R (CW), 2010 WL 3635780, at *5 (C.D.Cal. Aug. 18, 2010) (serious dental need where plaintiff unnecessarily lost teeth, and had pain, infections, and other discomfort); Brook v. Carey, No. 2:04-cv-01254-GEB GGH P, 2007 WL 2069941, at *15 (E.D.Cal. July 13, 2007) (inmate experienced jaw and teeth pain, headaches, ringing in his ears, and trouble sleeping).

Further, Plaintiff fails to allege facts to show that any defendant was deliberately indifferent to his dental needs. Defendants' plan of treatment was to cut off the metal mounting band and provide Plaintiff with a removable prosthetic device consisting of the two missing teeth. The fact that Plaintiff wanted the bridge to be replaced is a difference of opinion between himself and prison medical authorities as to proper treatment that does not give rise to a claim. Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970). Plaintiff fails to state a claim for deliberate indifference against any named defendant.

**B.     Due Process**

Plaintiff also alleges that his due process rights were violated by the failure to provide dental treatment. The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Wilkinson, 545 U.S. at 221. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300).

There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Further, while Plaintiff attempts to allege a liberty interest based on state regulations, it is clear that "to find a violation of a state-created liberty interest the hardship imposed on the prisoner must be 'atypical and significant . . . in relation to the ordinary incidents of prison life.'" Chappell v. Mandeville, __ F.3d. __, 2013 WL 364203 (9th Cir. Jan. 31, 2013) (quoting Sandin, 515 U.S. at 484). Plaintiff has not identified a liberty interest for which he is entitled to due process.

To the extent that Plaintiff attempts to allege a violation of substantive due process, where

5

a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

**C.     Class Action Suits**

Plaintiff claims that the incidents alleged in this action violate the stipulations entered into by the CDCR in Perez v. Tilton, 05-cv-5241 (N.D. Cal) and Plata v. Schwarzenegger, 01-cv-01361 (N.D.Cal.). However, this fails to state a claim for a violation of Plaintiff's federal rights. The violation of consent decrees, settlements, or injunctions in other actions does not provide liability here. Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

Although Plaintiff may be able to pursue damages claims under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), Plaintiff's allegations that Defendants violated the Perez or Plata stipulations do not, by themselves, give rise to damages claims under section 1983 for violation of the Eighth Amendment. Rather, if Plaintiff wishes to pursue damages claims, Plaintiff must allege facts that support the claims that defendants violated his rights under the Eighth Amendment. See Frost v. Symington, 197 F.3d 348, 353 (9th Cir. 1999) (district court characterized inmate's damages claim as one alleging violations of his First Amendment rights as opposed to alleging a breach of consent decree); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v. Deukmejian, No. CIV S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates consent decree while issues in instant case governed by standards applicable to claims brought under Eighth Amendment)).

**D.     State Law**

To the extent that Plaintiff attempts to state a federal claim based on violations of state law, the claims fail.  Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."  Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)).  As previously stated, section 1983 does not offer redress for a violation of "a state-created interest that reaches beyond that guaranteed by the federal Constitution."  Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997).  Additionally, "state departmental regulations do not establish a federal constitutional violation."  Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009).

Further, the California Tort Claims Act[2] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007).  To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act.  Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123.  "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action."  Bodde, 90 P.3d at 120.

Finally, Plaintiff is not entitled to damages for a violation of the due process clause or the cruel and unusual punishment clause of the state constitution.  Carlsbad Aquafarm, Inc. v. State Dep't of Health Services, 83 Cal.App.4th 809, 823 (Ct. App. 2000) (due process); Giraldo v. California Dep't Corrections and Rehabilitation, 168 Cal.App.4th 231, 256-57 (Ct. App. 2008) (cruel

---

[2] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act.  However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

and unusual punishment); see also Brown v. County of Kern, No. 1:06-cv-00121-OWW-TAG, 2008 WL 544565, *17 (E.D. Cal. Feb. 26, 2008) (plaintiff may not seek damages directly under Article 1, Sections 7 or 13 of the California Constitution); Godinez v. Lara, 2010 WL 1798009, *8 (E.D. Cal. May 3, 2010) (no claim for damages for violation of California Constitution, Article 1, Section 13).

## IV.

## MOTION FOR ORDER DIRECTING SERVICE OF SUMMONS AND COMPLAINT

Plaintiff has moved for an order directing the Marshal to serve the summons and complaint. The Court will direct the United States Marshal to serve the complaint only after it has determined that the complaint contains cognizable claims for relief against the named defendants. Plaintiff's complaint is being dismissed for failure to state a claim. Until Plaintiff files an amended complaint which the Court screens and finds to state cognizable claims, any request for service by the Marshal is premature. Plaintiff's motion is denied.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana,

Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed February 25, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff's motion for an order directing service of summons and complaint is DENIED; and
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 21, 2013**

UNITED STATES MAGISTRATE JUDGE